UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TAURUS CLYDE HILL, II,

    Plaintiff,

v.                                            Case No. 25-cv-1212-bhl

SGT. AMIN BAHAM, JR., et al.,

    Defendants.

---

## SCREENING ORDER

---

Plaintiff Taurus Clyde Hill, II, who is currently serving a state prison sentence at the Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Hill's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Hill has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Hill has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $1.81. Therefore, the Court will grant Hill's motion for leave to proceed without prepaying the filing fee.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Hill is an inmate at the Racine Correctional Institution. Dkt. No. 1. Defendants are Sgt. Amin Baham, Sgt. Wilson, Cpt. Ciara Vincent, Deputy Warden Kenya Mason, Security Director Brandon Morris, Lt. Sangsay, and Unit Manager Porter. *Id.*

According to the complaint, Sgt. Baham issued "false" Conduct Report #00467774 charging Hill with Disobeying Orders (§DOC 303.28), Disruptive Conduct (§DOC 303.33), Disrespect (§DOC 303.29), and Threats (§DOC 303.18). *Id*. at 2-3. Sgt. Baham wrote in the conduct report that Hill was an "aggressor." *Id*. at 3. Hill states, "I took my ticket the long way, so I can prepare to call witnesses and…subpoena camera footage." *Id*. On July 18, Cpt. Vincent held a due process hearing on the conduct report. *Id*. Cpt. Vincent called two of Hill's inmate witnesses, both of whom testified that Hill did not curse at Sgt. Baham or threaten Sgt. Baham. *Id*. at 3-4. Cpt. Vincent found Hill not guilty of Disrespect (§DOC 303.29) and Threats (§DOC 303.18). *Id*. at 4. But Hill was found guilty of Disobeying Orders (§DOC 303.28) and Disruptive Conduct (§DOC 303.33). *Id*. Hill served 30 days in Temporary Lock-up (TLU). *Id*. at 5. For relief, Hill seeks monetary damages. *Id*.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

To state a Fourteenth Amendment due process claim, Hill must allege that: (1) he was deprived of a constitutionally protected liberty interest; and (2) the procedures he was afforded were constitutionally deficient. *Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024). Disciplinary segregation deprives an inmate of his liberty interest when it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 964-65 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The Court looks at the "combined import" of the duration of the confinement *and* the conditions endured. *Id*. (citing *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013)). Absent harsh conditions of confinement, disciplinary segregation

3

for a period of time less than six months does not typically trigger a liberty interest. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698 (7th Cir. 2009) (noting "six months of segregation is not such an extreme term and, standing alone, would not trigger due process rights.").

Once a liberty interest has been invoked, the Court looks to what process was due. *Ealy,* 109 F.4th 958 at 965-66. An inmate who is facing transfer to disciplinary segregation is only entitled to "informal, nonadversarial due process," which leaves substantial discretion and flexibility in the hands of the prison administrators. *Id. (citing Adams v. Reagle*, 91 F.4th 880, 895 (7th Cir. 2024)). Informal due process requires only that an inmate be provided (1) "notice of the reasons for the inmate's placement" in confinement and (2) "an opportunity to present his views," for instance, in a written statement or at a hearing. *Id.* "[T]he Supreme Court has made clear that '[o]rdinarily a written statement by the inmate will accomplish this purpose…So long as this occurs, and the decisionmaker reviews the charges and then-available evidence against the prisoner, the Due Process Clause is satisfied.'" *Id.* (quoting *Hewitt v. Helms*, 459 U.S. 460, 476 (1983)).

Under established Seventh Circuit law, Hill's complaint fails to state a Fourteenth Amendment due process claim. As a preliminary matter, Hill does not provide any information about the conditions of his confinement in TLU. Hill's only allegation regarding TLU is that he spent 30 days there, which on its own is not enough to trigger a liberty interest. *See Marion,* 559 F.3d at 698. Further, even assuming that 30 days in TLU could trigger a liberty interest, Hill's allegations show that he received adequate "informal, nonadversarial due process." He admits that he received a copy of the conduct report with the charges against him; and that he requested and received a full due process hearing on July 17. Hill also admits that Cpt. Vincent reviewed each individual charge at the hearing, found the evidence presented by Hill's two inmate witnesses to be credible, and found in Hill's favor on two out of four charges. Based on these allegations, it appears that Hill received the "informal, nonadversarial due process" he was entitled to under the

4

Fourteenth Amendment. Therefore, he has failed to state a due process claim under the Fourteenth Amendment.

The Court notes that Hill checked off a box in his complaint indicating that he also wished to proceed under state law. *See* Dkt. No. 1 at 5. However, it is clear from the complaint that all parties are citizens of the same state (Wisconsin); therefore, this Court does not have diversity jurisdiction under 28 U.S.C. §1332. Accordingly, the Court will dismiss the original complaint based on failure to state a claim.

The dismissal is not final, however. As a general matter, *pro se* plaintiffs are allowed at least one chance to amend an inadequately pleaded complaint. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). The Court will therefore give Hill an opportunity to file an amended complaint to cure the deficiencies described above. The Court will enclose a guide for *pro se* prisoners that explains how to file an amended complaint that the Court can effectively screen. The Court also will include a blank prisoner amended complaint form. The Court will require Hill to use that form to file his amended complaint. *See* Civ. L. R. 9 (E.D. Wis.). Hill is advised that the amended complaint must bear the docket number assigned to this case. The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If Hill files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Hill does not file an amended complaint, the Court will likely dismiss this case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Hill's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

5

**IT IS FURTHER ORDERED** the original complaint is **DISMISSED** because it fails to state a claim. Hill may file an amended complaint that complies with the instructions in this order **within 30 days of this order**. If Hill files an amended complaint by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If Hill does not file an amended complaint by the deadline, the Court will likely dismiss this case.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Hill a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Hill shall collect from his institution trust account the **$348.00** balance of the filing fee by collecting monthly payments from Hill's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Hill is transferred to another institution, the transferring institution shall forward a copy of this Order along with Hill's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Hill is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>517 E. Wisconsin Avenue, Suite 362
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Hill is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on October 22, 2025.

>s/ *Brett H. Ludwig*
>BRETT H. LUDWIG
>United States District Judge