UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TAURUS CLYDE HILL, II,

    Plaintiff,

v.   Case No. 25-cv-1212-bhl

AMIN BAHAM, JR., et al.,

    Defendants.

---

## DECISION AND ORDER

---

Plaintiff Taurus Clyde Hill, II, who is currently serving a state prison sentence at the Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On December 4, 2025, the Court dismissed this action after concluding that the amended complaint failed to state a claim upon which relief could be granted. Dkt. No. 14. On December 29, 2025, Hill filed a motion to alter or amend the judgment. Dkt. No. 19. Two days later, on December 31, 2025, Hill filed a notice of appeal and a motion to appoint counsel, and on January 9, 2026, he filed a motion in which he stated his desire to proceed *in forma pauperis* on appeal. Dkt. Nos. 21, 24. For the reasons explained below, the Court will deny the motions.

Regarding his motion to alter or amend the judgment, Hill does not directly address the Court's screening order; instead, he asserts that he lacked "legal materials." Hill does not explain what legal materials he needed to prepare an amended complaint, nor does he state how the litigation guide that the Court mailed to him was insufficient to address his needs. Under Rule 59(e), a party may move to alter or amend a judgment within 28 days of the entry of judgment. A Rule 59(e) motion may be granted only if a party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citations omitted). Hill has not established either. Accordingly, his motion to alter or amend the judgment must be denied. *See* Fed. R. Civ. P. 62.1(a)(2).

Next, Hill's motion for leave to appeal *in forma pauperis* is deficient because it does not provide the information the Court needs to assess whether Hill is indigent. The Court will therefore deny the motion without prejudice. If Hill wants to appeal *in forma pauperis*, he must complete

the enclosed form and arrange for the submission of his prison trust account statement for the period of June 30, 2025 through December 31, 2025, by **February 5, 2026**. Alternatively, Hill may pay the $605 filing fee for the appeal.

Finally, the Court will deny Hill's motion to appoint counsel. This Court does not recruit lawyers to represent *pro se* parties pursuing an appeal. Hill should raise his request with the appellate court.

**IT IS THEREFORE ORDERED** that Hill's motion to alter or amend the judgment (Dkt. No. 19) is **DENIED**.

**IT IS FURTHER ORDERED** that Hill's motion to appoint counsel (Dkt. No. 20) is **DENIED**. Hill may raise his request with the appellate court.

**IT IS FURTHER ORDERED** that Hill's motion for leave to appeal *in forma pauperis* (Dkt. No. 24) is **DENIED without prejudice**. The clerk's office is directed to mail Hill an "Affidavit Accompanying Motion for Permission to Appeal *in Forma Pauperis*" form. Hill must submit the form and his trust account statement *or* pay the $605 filing fee for his appeal by **February 5, 2026**.

Dated at Milwaukee, Wisconsin this 15th day of January, 2026.

*s/ Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge